

**FILED & ENTERED**

**DEC 19 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Robert W. Hunt, a medical corporation,<br>Debtor. | Case No.:    2:11-bk-58228-ER<br><br>Chapter:    7<br><br>**MEMORANDUM OF DECISION AWARDING FEES AND EXPENSES TO THE ESTATE'S PROFESSIONALS**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed the applications for payment of fees and expenses filed by professionals employed by the estate (collectively, the "Fee Applications").[1] The Court has

---

[1] The Court has reviewed the following papers in connection with this matter:
1) Notice to Professionals Retained by Chapter 7 Estate Re Hearing on Interim Applications for Compensation and Reimbursement of Expenses [Doc. No. 589];
2) Notice of Hearing on Applications for Payment of Interim or Final Fees and/or Expenses Under 11 U.S.C. §331 or §330 ("Notice") [Doc. No. 611];
   a) Proof of Service of Notice [Doc. No. 609];
3) Second Interim Application for Compensation and Reimbursement of Expenses by Menchaca & Company LLP, as Accountant to Chapter 7 Trustee, for the Period of April 28, 2014 through November 11, 2016 [Doc. No. 602];
4) Application for Payment of Interim Fees and/or Expenses [filed by Gould & Gould LLP] [Doc. No. 604];
   a) Notice of Errata Re: Exhibits to Application for Interim Fees and Expenses of Gould & Gould LLP [Doc. No. 610];
   b) Declaration of David M. Goodrich Re Status of Case [Doc. No. 606];

received no opposition to the Fee Applications, except for opposition papers that were presented for filing by Peli Popovich Hunt ("Hunt"), who is subject to pre-filing restrictions. Pursuant to the previously issued Vexatious Litigant Order,[2] the Court refused to permit Hunt's opposition to be filed. *See* Order Rejecting Documents Presented for Filing by Peli Popovich Hunt Pursuant to this Court's Order Determining Peli Popovich Hunt, Individually and as Trustee of the Robert and Peli Hunt Living Trust and as Agent of Robert W. Hunt MD, a Medical Corporation, Franklin P. Jeffries and Robert L. Jarrett Jr. to be Vexatious Litigants [Doc. No. 621]. Given the lack of opposition to the Fee Applications, the Court finds this matter appropriate for disposition without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3).

Section 330(a)(1) allows the Court to award "reasonable compensation for actual, necessary services rendered" by a professional. In determining the amount of compensation to award, the Court considers the

> nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

---

5) Final Fee Application for Compensation of Fees and Reimbursement of Costs for: 1. Consumer Privacy Ombudsman (CPO); and 2. Seelig+Cussigh HCO, LLC as Consultant to CPO [Doc. No. 612];
  a) Amended Declaration of Jerry Seelig in Support of Final Fee Application.

[2] On October 16, 2014, this Court issued an order (the "Vexatious Litigant Order," Doc. No. 434) deeming Hunt, individually and as Trustee of the Robert and Peli Hunt Living Trust, and as purported "agent" of Robert W. Hunt, MD, a medical corporation, the debtor herein, and all persons acting in concert therewith, including, but not limited to, Franklin P. Jeffries and Robert L. Jarrett, Jr., to be vexatious litigants (collectively, the "Vexatious Litigants"). Pursuant to the Vexatious Litigant Order, the Vexatious Litigants are subject to pre-filing restrictions. Those pre-filing restrictions require the Vexatious Litigants to provide the Court with a copy of any attempted filing so that the Court may determine whether it is duplicative or frivolous. Only filings that the Court determines are not duplicative or frivolous are accepted for filing. The Vexatious Litigant Order is strengthened by a similar order issued on May 4, 2015 by Judge Andrew J. Guilford of the U.S. District Court for the Central District of California imposing further pre-filing restrictions on the Vexatious Litigants. *See* Case No. 2:15-cv-00667-AG, Doc. No. 46.

§330(a)(3).

### Gould & Gould LLP's Second Interim Fee Application

Gould & Gould LLP ("Gould"), counsel for the Chapter 7 Trustee ("Trustee"), seeks fees in the amount of $168,120.00 and expenses in the amount of $905.47, on an interim basis. The Court finds that the services performed by Gould were beneficial to the estate, and that the time spent and rates charged for those services were reasonable. Gould has been required to perform an extensive amount of work to liquidate the assets of this estate because Hunt has vigorously opposed nearly ever action undertaken by the Trustee. Among other things, the Trustee was required to commence an adversary proceeding against Hunt to obtain a determination that a trust controlled by Hunt had no interest in the Debtor's accounts receivable. After prosecuting the matter through trial, the Trustee obtained a judgment that the accounts receivable were assets of the estate in which Hunt and the trust she controlled had no interest. The Trustee has also been required to defend against Hunt's appeal of nine orders that the Trustee obtained in the process of collecting and liquidating the Debtor's accounts receivable. Many of those appeals are still pending before the Ninth Circuit, after having been decided in the Trustee's favor by the District Court or the Bankruptcy Appellate Panel. The Court awards to Gould, on an interim basis, fees in the amount of $168,120.00 and expenses in the amount of $905.47.

### Menchaca & Company LLP's Second Interim Fee Application

Menchaca & Company, LLP ("Menchaca"), the Trustee's accountant, seeks fees in the amount of $15,241.00 and expenses in the amount of $42.15, on an interim basis. Menchaca's services included, without limitation, preparing the estate's federal and state tax returns and resolving various payroll tax and withholding issues with the Economic Development Department, Franchise Tax Board, and State Compensation Insurance Fund. The Court finds that the services performed by Menchaca were beneficial to the estate, and that the time spent and rates charged for those services were reasonable. The Court awards to Menchaca, on an interim basis, fees in the amount of $15,241.00 and expenses in the amount of $42.15.

### Jerry Seelig and Seelig+Cussigh HCO LLC's Final Fee Applications

On January 6, 2012, the Court appointed Jerry Seelig ("Seelig") as the consumer privacy ombudsman ("CPO"). *See* Doc. No. 20. On April 2, 2012, the Court approved the employment of Seelig+Cussigh HCO, LLC ("Seelig+Cussigh") as consultants to Seelig. Seelig+Cussigh's employment was approved *nunc pro tunc* to January 6, 2012. *See* Doc. No. 90. Seelig seeks, on a final basis, fees in the amount of $58,537.50 and expenses in the amount of $818.50, for services rendered between January 4, 2012 and August 20, 2016. The Court has previously approved, on an interim basis, fees of $47,137.50 and expenses of $507.56. Seelig+Cussigh seeks, on a final basis, fees in the amount of $26,250.00 and expenses in the amount of $1,514.00, for services rendered between January 4, 2012 and August 20, 2016. The Court has previously approved, on an interim basis, fees of $20,287.50 and expenses of $1,286.00.

The Notice served upon creditors informing them of the hearing upon the Fee Applications did not correctly state the amount of fees sought by Seelig and Seelig+Cussigh. For example, the Notice stated that Seelig was seeking fees of only $11,400, not fees of $58,537.50. The amount stated in the Notice is the amount of fees that Seelig seeks that are in addition to fees that have previously been paid on an interim basis. The Notice does not inform creditors that Seelig seeks

final approval of fees previously awarded on an interim basis. The Notice similarly misstates the fees sought by Seelig+Cussigh.

The Court will construe the Fee Applications filed by Seelig and Seeligh+Cussigh as though the applicants were seeking approval, on an interim basis, of fees in the amount set forth in the Notice. This construction is consistent with the notice that creditors received. The Court notes that an order approving fees on an interim basis is interlocutory and therefore not appealable. Creditors not objecting to an interim fee application might wish to object to a final fee application. Therefore, it would be inappropriate for the Court to award the full amount of fees requested, on a final basis, when creditors did not receive notice of either the full amount of the fees being requested or the fact that allowance of the fees was being sought on a final basis. Seelig and Seelig+Cussigh must file an application for payment of fees on a final basis, which should be set for hearing concurrently with the Trustee's Final Report.

Construing Seelig and Seelig+Cussigh's Fee Applications as described, the Court finds that the services performed by Seelig and Seelig+Cussigh were beneficial to the estate, and that the time spent and rates charged for those services were reasonable. The Court awards to Seelig, on an interim basis, fees in the amount of $11,400.00 and expenses in the amount of $310.94, on account of services rendered between May 1, 2016 and August 20, 2016. The Court awards to Seelig+Cussigh, on an interim basis, fees in the amount of $5,962.50 and expenses in the amount of $228.00, on account of services rendered between May 1, 2016 and August 20, 2016.

### Conclusion

For the reasons set forth above, the Court awards to each fee applicant the fees and expenses requested (except that Seelig and Seelig+Cussigh are awarded fees and expenses on an interim, rather than a final, basis). The Court will enter orders consistent with this Memorandum of Decision.

###

Date: December 19, 2016

Ernest M. Robles
United States Bankruptcy Judge