

**FILED & ENTERED**

**AUG 27 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | | | |
|---|---|---|---|
| In re: | Robert W. Hunt, a medical corporation,<br>Debtor. | Case No.: | 2:11-bk-58228-ER |
| | | Chapter: | 7 |

**MEMORANDUM OF DECISION: (1) SUSTAINING CLAIM OBJECTION AND DISALLOWING CLAIM NO. 9-1 AND (2) VACATING HEARING ON CLAIM OBJECTION**

**[RELATES TO DOC. NO. 770]**

**VACATED HEARING DATE:**

Date:      September 1, 2021
Time:     10:00 a.m.
Location: Courtroom 1568
               Roybal Federal Building
               255 East Temple Street
               Los Angeles, CA 90012

    Before the Court is the *Motion to Disallow Proof of Claim No. 9* [Doc. No. 770] (the "Claim Objection") and accompanying notice [Doc. No. 768] filed by the Chapter 7 Trustee (the "Trustee"). No opposition to the Claim Objection is on file. The Court finds this matter appropriate for disposition without oral argument pursuant to Civil Rule 78(b)[1] and LBR 9013-

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the

1(j)(3). For the reasons set forth below, the Court **SUSTAINS** the Claim Objection, **DISALLOWS** Claim No. 9-1 (the "Claim") in its entirety, and **VACATES** the September 1, 2021 hearing on the Claim Objection.

## I. Facts and Summary of Pleadings

Robert W. Hunt, a medical corporation (the "Debtor") filed a voluntary Chapter 11 petition on November 23, 2011. The case was converted to Chapter 7 on July 24, 2012.

The Debtor was in the business of operating a workers' compensation medical clinic (the "Business"). Upon Dr. Hunt's death, his widow, Peli Popovich Hunt ("Ms. Hunt"), operated the Business only for the purpose of collecting accounts receivable from previously provided medical services.

A. Claim No. 9-1, Asserted by the Robert and Peli Hunt Revocable Trust

On November 27, 2012, the Robert and Peli Hunt Revocable Trust (the "Trust") filed Proof of Claim No. 9-1 ("Claim 9"). The Trust asserts an unsecured priority claim for "receivables estimated well in excess of $1,000,000.00."[2] The Trust asserts that Claim 9 is entitled to priority pursuant to § 507(a)(3).[3]

B. The Trustee's Adversary Proceeding Against Ms. Hunt, in Her Personal Capacity and In Her Capacity as Trustee of the Trust

On August 2, 2012, the Trustee filed a complaint against Ms. Hunt (the "Complaint"),[4] in her personal capacity and in her capacity as Trustee of the Trust. The Complaint sought injunctive relief, declaratory relief, turnover of property of the estate, an accounting, and damages.

On April 21, 2014, the Court entered a *Memorandum of Decision After Trial* (the "Memorandum"),[5] which found that the accounts receivable which form the basis for Claim 9 are property of the estate:

> [T]he Court finds that the accounts receivable belong to the Debtor's estate because [Ms. Hunt] listed the accounts receivable as assets in Debtor's schedules under penalty of perjury….
>
> Here the Court finds that [Ms. Hunt's] position, that the accounts receivable belong to the Trust and are not property of the Debtor's estate, is "clearly inconsistent" with [Ms. Hunt's] position at the outset of the Debtor's bankruptcy case….
>
> Therefore, [Ms. Hunt] is judicially estopped from any present and future assertion that assets listed in Debtor's schedules, including the accounts receivable … are anything but property of the estate.

Memorandum at 7–9.
//

---

United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.
[2] Claim at ¶ 4.
[3] *Id.* at ¶ 6.
[4] Doc. No. 1, Adv. No. 2:12-ap-01988-ER.
[5] Doc. No. 207, Adv. No. 2:12-ap-01988-ER.

C. The Trustee's Objection to the Claim

The Trustee now moves to disallow Claim 9 based on the Court's prior finding that the accounts receivable are property of the estate.

## II. Findings of Fact and Conclusions of Law

Under Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. To overcome the presumption of validity created by a timely-filed proof of claim, an objecting party must do one of the following: (1) object based on legal grounds and provide a memorandum of points and authorities setting forth the legal basis for the objection; or (2) object based on a factual ground and provide sufficient evidence (usually in the form of declarations under penalty of perjury) to create triable issues of fact. *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1280 (9th Cir. BAP 2000); *United States v. Offord Finance, Inc. (In re Medina)*, 205 B.R. 216, 222 (9th Cir. BAP 1996); *Hemingway Transport, Inc. v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993). Upon objection, a proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *See Lundell v. Anchor Constr. Spec., Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). An objecting party bears the burden and must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Holm*, 931 F.2d at 623. When the objector has shown enough evidence to negate one or more facts in the proof of claim, the burden shifts back to the claimant to prove the validity of the claim by a preponderance of evidence. *See Lundell*, 223 F.3d at 1039 (citation omitted).

In the Memorandum, the Court found that the accounts receivable which constitute the basis for Claim 9 are property of the estate. Ms. Hunt filed multiple appeals of the findings set forth in the Memorandum, but none of those appeals were successful. The findings set forth in the Memorandum are now final and non-appealable.

Claim 9 is **DISALLOWED** in its entirety based upon the Court's finding that the accounts receivable, which form the basis for Claim 9, are property of the estate. The Court further notes that the Trust's assertion that it is entitled to a priority claim pursuant to § 507(a)(3) is improper. Section 507(a)(3) applies only to claims filed in an involuntary case. That section does not apply because this is a voluntary case.

Based upon the foregoing, the Court will enter an order (1) **SUSTAINING** the Claim Objection and **DISALLOWING** Claim 9 in its entirety and (2) vacating the September 1, 2021 hearing on the Claim Objection.

###

Date: August 27, 2021

Ernest M. Robles
United States Bankruptcy Judge